UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
VIRGINIA GARDNER, on behalf of herself
and all others similarly situated,                    08 Civ.

                    Plaintiff,                        CLASS ACTION
                                                      COMPLAINT

                                                      JURY TRIAL DEMANDED
        -against-
                                                   08 CIV. 6411

                                                      JUDGE ROBINSON
MILLER & MILONE, P.C.,

              Defendant.
------------------------------------------x

        Plaintiff, by and through her undersigned attorney, alleges

upon knowledge as to herself and her own acts, and as to all

other matters upon information and belief, brings this complaint

against the above-named defendant, its employees, agents, and

successors, and in support thereof alleges the following:


                        PRELIMINARY STATEMENT

        1.    Plaintiff brings this action on her own behalf and on

behalf of all others similarly situated for damages and

declaratory and injunctive relief arising from the defendant's

violation of Section 1692 et. seq. of Title 15 of the United

States Code, the Fair Debt Collection Practices Act (hereinafter

"FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.   This is an action for violation of 15 U.S.C. § 1692.

3.   Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.   Plaintiff Virginia Gardner (hereinafter "Gardner") is a resident of the State of New York, County of Westchester.   On or about July 2, 2008, plaintiff Gardner received a debt collection notice from defendant at plaintiff's home address. (Exhibit A.)

5.   Defendant Miller & Milone, P.C. (hereinafter "Miller & Milone") is a law firm engaged in the business of collecting debts with its principal place of business located in Garden City, New York.   Defendant Miller & Milone collects debts using the mails and telephone, and the defendant regularly attempts to collect debts alleged to be due another.

.

2

<u>CLASS ACTION ALLEGATIONS</u>

6.    Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, and their successors in interest (the "Class").   Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Miller & Milone.

7.    This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.    The Class is so numerous that joinder of all members is impracticable.   Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any

individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692g(b) and 1692g(a)(3);

    b.  Whether plaintiff and the Class have been injured by the defendant's conduct;

    c.  Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

    10.  Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

    11.  Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

    12.  A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

4

Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13.  A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14.  Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

STATEMENT OF FACTS

15.   On or about July 2, 2008, defendant mailed a letter to plaintiff demanding payment of a debt.   A copy of the letter is annexed hereto as Exhibit A.

16.   The letter stated,

Unless you notify this office <u>in writing</u> 30 days after receiving this notice that you dispute the validation of this debt or any portion thereof, this office will assume this debt is valid.

Exhibit A (emphasis added).

17.   15 U.S.C. § 1692g(a)(3), however, does not require that plaintiff, in order to dispute the validity of the debt or validate the debt or preserve her rights under the FDCPA communicate with the defendant in writing.   Thus, defendant's requirement that plaintiff must dispute the underlying debt in writing is in direct violation of § 1692g(a)(3). See, <u>Ong v. American Collections Enterprise, Inc.</u>, 1999 WL 51816, 1999 U.S. Dist. Lexis 409 (E.D.N.Y. 1999).

18.   The language contained in defendant's collection letter not only violates 15 U.S.C. § 1692g(a)(3), but also overshadows Section 1692g in violation of Section 1692g(b), as it forces a consumer to dispute a debt in one way only -- in writing, purportedly as a way to weed out what defendant would consider

6

debt is valid. Defendant's letter therefore overshadows the validation notice which gives consumers many rights, including the right to communicate a dispute by telephone, email or any other means of communication.

23. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Issue a preliminary and permanent injunction restraining defendant, its employees, agents and successors from, inter alia, engaging in conduct and practices that are in violation of the FDCPA;

c) Issue a declaratory Order requiring defendant to make corrective disclosures;

d) Awarding plaintiff statutory damages;

e) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

f) Awarding plaintiff such other and further relief as the Court may deem just and proper.

8

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated:      July 17, 2008
            New York, New York

Respectfully submitted,

Jerome Noll/JN7542
jnoll@mdpcelaw.com

1311 Mamaroneck Ave
Suite 220
White Plains, NY 10605
Ph.  914/517-5000
Fx.  914/517-5055

9