*adding Parties*
*Summons Issued*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
VIRGINIA GARDNER, on behalf of herself
and all others similarly situated,

08cv06411(SCR)

        Plaintiff,

**FIRST AMENDED
CLASS ACTION
COMPLAINT**

JURY TRIAL DEMANDED

   -against-

MILLER & MILONE, P.C. and
CHRISTINA MILONE,

        Defendants.
------------------------------------------x

    Plaintiff, by and through her undersigned attorney, alleges upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this first amended class action complaint against the above-named defendants, their employees, agents, and successors, and in support thereof alleges the following:

PRELIMINARY STATEMENT

    1.  Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendants' violation of Section 1692 et. seq. of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter

"FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Virginia Gardner (hereinafter "Gardner") is a resident of the State of New York, County of Westchester. On or about July 2, 2008, plaintiff Gardner received a debt collection notice from defendants at plaintiff's home address. (Exhibit A.)

5. Defendant Miller & Milone, P.C. (hereinafter "Miller & Milone") is a law firm engaged in the business of collecting debts with its principal place of business located in Garden City, New York. Defendant Miller & Milone collects debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

6. Defendant Christina Milone (hereinafter "Milone") is an attorney engaged in the business of collecting debts and a member of the law firm of defendant Miller & Milone, P.C. Milone's principal place of business is located in Garden City, New York. Defendant Milone collects debts using the mails and telephone, and she regularly attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

7. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers who have received debt collection notices and/or letters from the defendants which are in violation of the FDCPA, and their successors in interest (the "Class"). Excluded from the Class are the defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Miller & Milone.

8. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendants which violate various provisions of the FDCPA.

10. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether the defendants violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692g(b) and 1692g(a)(3);

   b. Whether plaintiff and the Class have been injured by defendants' conduct;

   c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

11. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

14. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action, the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages. Moreover, if defendants' conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

15. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. On or about July 2, 2008, defendants mailed a letter to plaintiff demanding payment of a debt. The letter is written on defendant Miller & Milone's stationary and is signed by defendant Christina Milone. A copy of the letter is annexed hereto as Exhibit A.

17. The letter states,

> Unless you notify this office <u>in writing</u> 30 days after receiving this notice that you dispute the validation of this debt or any portion thereof, this office will assume this debt is valid.

Exhibit A (emphasis added).

18. 15 U.S.C. § 1692g(a)(3), however, does not require that plaintiff, in order to dispute the validity of the debt or validate the debt or preserve her rights under the FDCPA, to communicate with the defendants in writing. Thus, defendants' requirement that plaintiff must dispute the underlying debt in writing is in direct violation of Section 1692g(a)(3). See, <u>Ong</u>

v. American Collections Enterprise, Inc., 1999 WL 51816, 1999 U.S. Dist. Lexis 409 (E.D.N.Y. 1999).

19. The language contained in defendants' collection letter not only violates 15 U.S.C. § 1692g(a)(3), but also overshadows Section 1692g in violation of Section 1692g(b), as it forces a consumer to dispute a debt in one way only -- in writing, purportedly as a way to weed out what defendants would consider disputes that are misguided or unacceptable. In fact, a consumer may dispute a debt by any means without having to do so in writing.

20. As a result of defendants' abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

### FIRST CAUSE OF ACTION
(Violations of the FDCPA)

21. Each of the above allegations is incorporated herein.

22. Defendants' debt collection letter violates and overshadows various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692g(b) and 1692g(a)(3), by requiring that plaintiff dispute the debt in writing, or the defendants will assume the debt is valid. See, Ong v. American Collections Enterprise, Inc., 1999 WL 51816, 1999 U.S. Dist. Lexis 409 (E.D.N.Y. 1999).

23. Defendants' debt collection letter also violates and overshadows 15 U.S.C. § 1692g, in violation of Section 1692g(b), by requiring that plaintiff dispute the debt in writing or defendants will assume the debt to be valid. Defendants' requirement that all disputes must be in writing limits a consumer's choice during the statutorily mandated thirty day "cooling off" period to one action: dispute the debt in writing or defendants will assume the debt is valid. Defendants' letter therefore overshadows the validation notice which gives consumers many rights, including the right to communicate a dispute by telephone, email or any other means of communication.

24. As a result of defendants' violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Issue a preliminary and permanent injunction restraining defendants, their partners, associates, employees, agents and successors from, <u>inter alia</u>, engaging in conduct and practices that are in violation of the FDCPA;

c)  Issue a declaratory Order requiring defendants to make corrective disclosures;

d)  Awarding plaintiff statutory damages;

e)  Awarding plaintiff costs of this action, including reasonable attorney's fees and expenses; and

f)  Awarding plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated:   July 24, 2008
         New York, New York

Respectfully submitted,

_____
Jerome Noll/JN7542
jnoll@mdpcelaw.com

1311 Mamaroneck Ave
Suite 220
White Plains, NY 10605
Ph.  914/517-5000
Fx.  914/517-5055

**MILLER & MILONE, P.C.**
ATTORNEYS AT LAW
SUITE 205
100 QUENTIN ROOSEVELT BOULEVARD
GARDEN CITY, NEW YORK 11530

GEORGE T. MILLER
CHRISTINA MILLER MILONE
TAMMY ROSE LAWLOR

JANE D. TURCHIANO
ELIZABETH MURPHY

Tel. (516) 296-1000
Fax (516) 296-1030

July 2, 2008

Virginia Gardner
125 South Second Avenue, Apt. #6D
Mount Vernon, NY 10550

Re: Comprehensive Care Management
    Balance Due: $11,295.00

Dear Ms. Gardner:

This office represents the aforementioned client in connection with your outstanding bill for care and services.

Please provide us with any insurance or other payment information that may assist us in resolving this matter.

Very truly yours,

Christina Milone, Esq.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Unless you notify this office in writing 30 days after receiving this notice that you dispute the validation of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment and we will mail a copy of such verification or judgment to you. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.